Document 1

Document 2

Document 3

JUDGMENT

FILED: June 13, 2006

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit


No. 05-4879
CR-98-322


UNITED STATES OF AMERICA

       Plaintiff - Appellee

          v.

TERRANCE L. SMALLS, a/k/a T

       Defendant - Appellant


--------------------
Appeal from the United States District Court for the
District of South Carolina at Beaufort
--------------------


In accordance with the written opinion of this Court filed this day, the Court affirms the judgment of the District Court.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate.  The judgment will take effect upon issuance of the mandate.


/s/ Patricia S. Connor
_____
CLERK

**<u>UNPUBLISHED</u>**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4879**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRANCE L. SMALLS, a/k/a T,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Sol Blatt, Jr., Senior District Judge. (CR-98-322)

———————

Submitted: April 17, 2006      Decided: June 13, 2006

———————

Before WILKINSON, LUTTIG,* and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Andrew J. Savage, III, SAVAGE & SAVAGE, P.A., Charleston, South Carolina, for Appellant. Robert Hayden Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

———————

*Judge Luttig was a member of the original panel but did not participate in this decision. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Terrance L. Smalls appeals following a remand to the district court for resentencing. After considering the issues raised on appeal, we affirm the sentence imposed by the district court on remand.

Smalls pled guilty to one count of conspiracy to possess with intent to distribute an unspecified quantity of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000) ("Count One") and one count of possession with intent to distribute an unspecified quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) ("Count Two"). Smalls received a sentence of 480 months of imprisonment to be followed by a term of three years' supervised release. Though this court affirmed Smalls' conviction, we concluded that Smalls' sentence violated his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), because it exceeded the maximum sentence allowable given the facts admitted by him. United States v. Smalls, 134 Fed. Appx. 609, 616, 2005 WL 1395162 (4th Cir. 2005) (unpublished). Therefore, we vacated Smalls' sentence and remanded for resentencing.

On remand, the district court received a revised presentence report and held a new sentencing hearing. The presentence report found over 1.5 kilograms of cocaine base attributable to Smalls and that the murder of Audrey Stoeckle was part of and in furtherance of the underlying conspiracy; thus,

- 2 -

Smalls' advisory guidelines range was life imprisonment. <u>United States Sentencing Guidelines</u> §§ 2A1.1, 2D1.1(c), 2D1.1(d)(1), & Ch. 5, Pt. A (Sentencing Table) (2003) ("USSG"). However, because neither count specifically stated a drug quantity, sentencing under both counts was capped by the applicable statutory maximum of twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C) (2000). Given that the highest statutory maximum was lower than the guidelines' punishment, the presentence report employed USSG § 5G1.2(d) (2003) to impose consecutive terms of imprisonment.

At sentencing, Smalls challenged the legality of his stipulation to a specific quantity of cocaine base in light of the fact that the indictment stated no such quantity. Smalls contended such a stipulation was illegal because it triggered a statutory provision with a ten-year mandatory minimum term of imprisonment and a maximum of life imprisonment. After hearing argument from Smalls, his attorney, and the Government, the district court concluded that the resentencing hearing was not the appropriate forum for resolving Smalls' contention. The court sentenced Smalls to a total of 480 months' imprisonment, which consisted of two consecutive 240-month sentences, to be followed by three years of supervised release, and a $200 special assessment. Smalls appealed his sentence; his attorney filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising four issues. Smalls

was notified of his right to file a pro se supplemental brief but declined to do so.

Smalls first argues the district court violated his due process rights in sentencing him based upon facts determined by a preponderance of the evidence. As Smalls did not raise this argument to the district court, this court reviews for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005); United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002). Under the plain error standard, Smalls must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). When these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). The burden of showing plain error is on the defendant. United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001).

After the Supreme Court's decision in Booker, a sentencing court must still calculate and consider the guideline range, as well as consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006); Hughes, 401 F.3d at 546. Further, sentencing courts are not obligated, post-Booker, to determine enhancements by a higher standard. See Hughes, 401 F.3d

- 4 -

at 546 (consistent with the Booker remedial scheme, "a district
court shall first calculate (after making the appropriate findings
of fact) the range prescribed by the guidelines"); see also United
States v. Mares, 402 F.3d 511, 519 (5th Cir.) ("[t]he sentencing
judge is entitled to find by a preponderance of the evidence all
the facts relevant to the determination of a Guideline sentencing
range and all facts relevant to the determination of a
non-Guidelines sentence"), cert. denied, 126 S. Ct. 43 (2005);
McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.)
(explaining that "[t]he remedial portion of Booker held that
decisions about sentencing factors will continue to be made by
judges, on the preponderance of the evidence. . . ."), cert.
denied, 125 S. Ct. 2559 (2005). Accordingly, this claim fails.

Smalls next argues the district court erred in
considering the stipulation contained in his plea agreement as to
the quantity of cocaine base attributable to him because that
stipulation was illegal, involuntary, and unknowingly. Because
Smalls raised this issue at sentencing, we review the district
court's factual findings for clear error and its related legal
conclusions, including the application of the sentencing
guidelines, de novo. Green, 436 F.3d at 456.

While Smalls did in fact stipulate that he was personally
responsible for over 500 grams but less than 1.5 kilograms of
cocaine base, the district court had no cause to rely on this

stipulation in sentencing Smalls.  The presentence report presented a thorough and detailed basis for its determination that over 1.5 kilograms of cocaine base were attributable to Smalls.  Further, the quantity issue ultimately had no impact on Smalls' sentence as the murder cross-reference raised Smalls' total offense level to forty-three.  USSG §§ 2A1.1 & 2D1.1(d)(1).  Accordingly, Smalls' claim lacks merit because there is no support for his contention that the district court relied on this stipulation in determining Smalls' sentence.

Smalls' third assignment of error relates to the district court's imposition of consecutive sentences.  Because Smalls did not raise this issue below, we review for plain error.  Hughes, 401 F.3d at 547; Martinez, 277 F.3d at 524.  The district court committed no error in imposing consecutive sentences.  The application of the murder cross-reference raised Smalls' offense level to forty-three.  USSG § 2A1.1.  This, coupled with the corrected criminal history category of II, yielded a sentencing range of life imprisonment.  USSG Ch. 5, Pt. A (Sentencing Table).  However, because of the twenty-year statutory maximums applicable to these offenses, the court could not impose a life sentence.  Given that the guidelines' punishment was less than the statutory maximum, USSG § 5G1.2(d) required that the court impose consecutive sentences.  There was no error in applying this guideline to impose consecutive sentences.  See United States v. White, 238 F.3d 537,

543 (4th Cir. 2001) (holding, in a factually analogous situation, that the district court "would have been obligated" to impose consecutive sentences to achieve "the total punishment mandated by the guidelines").

Smalls' last argument, also raised for the first time on appeal, is that the district court erred in applying the murder cross-reference because Ms. Stoeckle's murder should not have been considered conduct relevant to Count Two. Because Smalls did not raise this claim below, we review for plain error. Hughes, 401 F.3d at 547; Martinez, 277 F.3d at 524.

In his brief, Smalls concedes that the district court grouped Counts One and Two pursuant to USSG § 3D1.2(d) (2003). For offenses grouped under USSG § 3D1.2(d), relevant conduct is broadly defined to include "all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2) (2003). This includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B) (2003).

Given that the court grouped Counts One and Two, there is simply no support for Smalls' contention that Ms. Stoeckle's murder was considered relevant conduct only as to Count Two. The indictment stated the relevant time frame for Count One as January

1, 1992 to July 31, 1998.  Smalls and his co-defendant murdered Ms. Stoeckle in July 1994 because they believed she was a law enforcement informant.   Smalls admitted driving with his co-defendant to the site of Ms. Stoeckle's murder, shooting his firearm into the ground near her several times, and that one of those shots could have hit Ms. Stoeckle.  Ms. Stoeckle's murder — committed to silence a suspected informant — was a reasonably foreseeable event in furtherance of the conspiracy that occurred within the time frame alleged for the conspiracy.   Thus, the application of the murder cross-reference was appropriate.

For the foregoing reasons, we affirm Smalls' sentence. We have, as required by <u>Anders</u>, reviewed the record and have found no meritorious issues for appeal.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.   If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.   Counsel's motion must state that a copy thereof was served on the client.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 8 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

NOTICE OF JUDGMENT
June 13, 2006

TO:        Robert Hayden Bickerton, Esq.
           Andrew J. Savage III, Esq.

           Judgment was entered this date in Case Number(s):   05-4879

           The Court's decision is enclosed.

PETITION FOR REHEARING (FRAP 40)
PETITION FOR REHEARING EN BANC (FRAP 35)

Filing     A petition must be received in the clerk's office within 14
Time       days after judgment to be timely. There are three exceptions
           to this rule:

           (1)  In all civil cases in which the United States or an agency
           or officer thereof is a party, any petition for rehearing must
           be received in the clerk's office within 45 days after entry of
           judgment.

           (2)  The Court may grant an extension of time or leave to file a
           petition for rehearing out of time if the party establishes that
           the delay resulted from the death or serious illness of counsel
           or a family member (or of a party or family member in pro se
           cases) or other circumstances wholly beyond the control of counsel
           or a party proceeding without counsel.

           (3)  Prisoner petitions are deemed filed when delivered to
           prison authorities.

           If a petition for rehearing en banc is to be filed, it must be
           filed at the same time and in the same document as the petition
           for rehearing and must be clearly identified in the title.

           Each case number to which the petition applies must be listed
           on the petition, even in companion or consolidated cases.
           Failure to list the individual case numbers on the petition
           will result in the unidentified cases proceeding to mandate
           even if a timely petition for rehearing has been filed in a
           companion or consolidated case.

           A timely filed petition for rehearing or petition for rehearing
           en banc will stay the mandate and toll the running of time for
           filing a petition for writ of certiorari.

Purpose    A petition should only be made to direct the Court's attention
           to one or more of the following situations:

           1. A material fact or law overlooked in the decision.
           2. A change in the law which occurred after the case was submitted
              and which was overlooked by the panel.
           3. The opinion is in conflict with a decision of the United States
              Supreme Court, this Court, or another court of appeals, and the
              conflict is not addressed in the opinion.
           4. The proceeding involves one or more questions of exceptional

importance.

Statement      A petition shall contain an introduction stating that, in
of Counsel     counsel's judgment, one or more of the situations exist as
               described in the above "Purpose" section.  The points to be
               raised shall be succinctly listed in the statement.

Form           The 15 page limit allowed by the Rule shall be observed.  The
               Court requires 4 copies of the petition (20 copies of a
               petition for rehearing en banc), and a copy of the Court's
               opinion must be attached to each copy of the petition.

                         BILL OF COSTS (FRAP 39)

Filing         A party to whom costs are allowed, who desires taxation of costs,
Time           shall file a bill of costs on or before 06/27/06.

                         MANDATE (FRAP 41)

Issuance       In original proceedings before this Court, there is no mandate.
Time           Unless the Court shortens or extends the time, in all other
               cases, the mandate issues 7 calendar days after the expiration
               of the time for filing a petition for rehearing.  A timely
               petition for rehearing, petition for rehearing en banc, or motion
               to stay the mandate will stay the issuance.  If the petition or
               motion is denied, the mandate will issue 7 calendar days later.
               If a stay of mandate is sought, only the original of a motion
               need be filed.

Stay           A motion for stay of the issuance of the mandate shall not be
               granted simply upon request.  Ordinarily the motion will be denied
               unless it would not be frivolous or filed merely for delay and
               would present a substantial question or otherwise set forth good
               or probable cause for a stay.

                CRIMINAL CASES (Plan in Implementation of the CJA)

Criminal       In criminal cases, counsel must inform the defendant in writing
               of the right to file a petition for writ of certiorari from an
               adverse decision of this Court.  Counsel appointed under the
               Criminal Justice Act must file their vouchers within 60 days
               of entry of judgment, denial of a petition for rehearing, or the
               grant or denial of a petition for writ of certiorari, whichever
               is later.

              PETITION FOR WRIT OF CERTIORARI  (Sup.Ct.R. 13)

Filing         Review on writ of certiorari is not a matter of right, but of
Time           judicial discretion, and will be granted only for compelling
               reasons.  The petition must be filed in the United States
               Supreme Court within 90 days of this Court's entry of judgment.
               The time does not run from the issuance of the mandate.  If a
               petition for rehearing is timely filed, the time runs from the
               denial of that petition.  Content, fees, and number of copies of
               a petition for writ of certiorari are governed by the Rules of
               the United States Supreme Court.